# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GERALD WATKINS,** | : | Civil No. 3:24-CV-604 |
| Plaintiff, | : | |
| | : | (Judge Mehalchick) |
| v. | : | |
| | : | |
| **JOHN WETZEL, et al.,** | : | (Magistrate Judge Carlson) |
| | : | |
| **Defendants** | : | |

## MEMORANDUM AND ORDER

### I.   Background

This is a *pro se* prisoner civil rights action brought by an inmate confined by the Department of Corrections while serving a death sentence, challenging what he alleges was unconstitutionally prolonged and severe solitary confinement by corrections staff. Presently, the remaining claims in this litigation entail conditions of confinement allegations that Watkins alleges are violations of the Eighth Amendment and the Americans with Disabilities Act (ADA). A Fourteenth Amendment Due Process claim was previously dismissed by the court. While this case was initially brought as a putative class claim by a group of six death row inmates, these cases were severed in 2024 and Watkins is now acting as his own counsel in his independent

1

lawsuit.

In this capacity Watkins has filed several procedurally flawed motions to amend his complaint. (Docs. 210, 213, 217). Watkins' most recent effort provides for the first time the text of his proposed amendment. (Doc. 218). From our review, it appears that what Watkins wishes to do is add some sixty-six (66) averments regarding studies and/or case law regarding the deleterious effects of solitary confinement, information that may be potentially relevant to his Eighth Amendment and ADA claims. (Doc. 218).

The defendants have opposed this motion, arguing that: "Though Plaintiff's proposed amended complaint appears to add some factual assertions to the original complaint, he does not allege how these new facts would establish there was a clearly established right to challenge his solitary confinement under the Due Process Clause of the Fourteenth Amendment." (Doc. 220 at 8). While we agree that this amendment does not revive Watkins' dismissed due process claim, finding that it is potentially relevant to his remaining Eighth Amendment and ADA claims, we will conditionally grant this request.

II. **Discussion**

The legal standards which govern this motion are familiar ones. Motions to amend are governed by Rule 15 of the Federal Rules of Civil Procedure, which

provides as follows:

> **(a) Amendments Before Trial.**
> **(1)** *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course within:
> **(A)** 21 days after serving it, or
> **(B)** if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
> **(2)** *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15.

As the text of this rule implies, decisions regarding motions to amend or supplement pleadings rest in the sound discretion of the district court. As such, these decisions will not be disturbed absent an abuse of that discretion. See e.g., Bjorgung v. Whitetail Resort, LP, 550 F.3d 263 (3d Cir. 2008); Cureton v. National Collegiate Athletic Ass'n., 252 F.3d 267 (3d Cir. 2001). That discretion, however, is governed by certain basic principles, principles that are embodied in Rule 15 of the Federal Rules of Civil Procedure. Thus, "[l]eave to amend must generally be granted unless equitable considerations render it otherwise unjust." Arthur v. Maersk, Inc., 434 F.3d 196, 204 (3d Cir. 2006). Further:

> The liberality of Rule 15(a) counsels in favor of amendment even when a party has been less than perfect in the preparation and presentation of a case. See Foman, 371 U.S. at 182, 83 S.Ct. 227; Boileau v. Bethlehem Steel Corp., 730 F.2d 929, 938–39 (3d Cir.1984). It allows for

3

misunderstandings and good-faith lapses in judgment, so long as the party thereafter acts reasonably and diligently.

Arthur, 434 F.3d at 206.

Yet, while Rule 15 provides that leave to amend should be freely given when justice so requires, the district court still retains broad discretion when ruling upon a motion to amend, Bjorgung, 550 F.3d 263; Cureton, 252 F.3d 267, and may deny a request for leave to amend:

> if the plaintiff's delay in seeking to amend is undue, motivated by bad faith, or prejudicial to the opposing party. Adams, 739 F.2d at 864. Delay becomes "undue," and thereby creates grounds for the district court to refuse leave, when it places an unwarranted burden on the court or when the plaintiff has had previous opportunities to amend. Cureton, 252 F.3d at 273 (citing Adams, 739 F.2d at 868; Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir.1993)). Thus, our review of the question of undue delay . . . will "focus on the movant's reasons for not amending sooner," Cureton, 252 F.3d at 273, and we will balance these reasons against the burden of delay on the District Court. Coventry v. U.S. Steel Corp., 856 F.2d 514, 520 (3d Cir. 1988).

Bjorgung, 550 F.3d at 266.

When assessing the relevance of delay to the determination of a motion to amend, we do not engage in a mere arithmetic exercise counting the passage of days. Rather, ours is a qualitative assessment which examines the reasons for the delay, any history of dilatory conduct by the plaintiff, and then balances those factors against the burdens imposed by the delay.   As the Court of Appeals has observed:

> The mere passage of time does not require that a motion to amend a

4

      complaint be denied on grounds of delay. Adams, 739 F.2d at 868. In fact, delay alone is an insufficient ground to deny leave to amend. Cornell & Co., Inc. v. Occupational Safety & Health Review Comm'n., 573 F.2d 820, 823 (3d Cir.1978). However, "at some point, the delay will become 'undue,' placing an unwarranted burden on the court, or will become 'prejudicial,' placing an unfair burden on the opposing party." Adams, 739 F.2d at 868. Delay may become undue when a movant has had previous opportunities to amend a complaint. See Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir.1993) (three year lapse between filing of complaint and proposed amendment was "unreasonable" delay where plaintiff had "numerous opportunities" to amend); see also Rolo v. City Investing Co. Liquidating Trust, 155 F.3d 644, 654–55 (3d Cir.1998) (rejecting proposed second amended complaint where plaintiffs were repleading facts that could have been pled earlier). When a party delays making a motion to amend until after summary judgment has been granted to the adverse party, other courts have recognized that the interests in judicial economy and finality of litigation may become particularly compelling. See Diersen v. Chicago Car Exch., 110 F.3d 481, 489 (7th Cir.1997); Humphreys v. Roche Biomed. Lab. Inc., 990 F.2d 1078, 1082 (8th Cir.1993); Union Planters Nat'l Leasing Inc. v. Woods, 687 F.2d 117, 121 (5th Cir.1982); Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 598 n. 2 (5th Cir.1981). Thus, while bearing in mind the liberal pleading philosophy of the federal rules, Adams, 739 F.2d at 864, the question of undue delay requires that we focus on the movant's reasons for not amending sooner. Id. at 868.

Cureton, 252 F.3d at 273.

      In addition: "Among the grounds that could justify a denial of leave to amend are … , bad faith, dilatory motive, prejudice, and futility. 'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) (quoting In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir.1997); Lorenz v.

5

CSX Corp., 1 F.3d 1406, 1413-14 (3d Cir.1993)) (some quotations omitted).

In the instant case, we do not construe the defendants' opposition to this motion to amend to turn on claims of undue delay. As we have noted in the past, while the larger consolidated six-plaintiff litigation has been pending since 2021, Watkins did not appear to play an active role in the management of that case. Further, these six claims were only severed in 2024, and Watkins became the master of his complaint at that time. Since that time Watkins has timely sought to amend this pleading.

Rather, defendants appear to contend that the amendments are futile asserting that: "Though Plaintiff's proposed amended complaint appears to add some factual assertions to the original complaint, he does not allege how these new facts would establish there was a clearly established right to challenge his solitary confinement under the Due Process Clause of the Fourteenth Amendment." (Doc. 220 at 8). We agree that this proposed amendment would not revive the previously dismissed due process claim. However, that does not mean that the amendment would be entirely futile. If the amendment adds to Watkins' Eighth Amendment and ADA claims, claims which have survived a motion to dismiss, then these new averments would not be completely futile. Moreover, since this case is currently stayed at the defendants' request, it cannot be said that they would suffer unfair prejudice if

Watkins were permitted to add factual details to these existing claims.

Recognizing that "[l]eave to amend must generally be granted unless equitable considerations render it otherwise unjust," <u>Arthur v. Maersk, Inc.</u>, 434 F.3d 196, 204 (3d Cir. 2006), we conclude that Watkins should be permitted to amend his complaint in the manner he proposes. However, in doing so he must comply with Local Rule 15.1 which provides as follows:

> **LR 15.1 Amended Pleadings.**
>
> **(a) Proposed amendment to accompany the motion.**
>
> When a party files a motion requesting leave to file an amended pleading, *the proposed amended pleading must be retyped or reprinted so that it will be complete in itself* including exhibits and shall be filed on paper as a separate document or, in the Electronic Filing System, as an attachment to the motion. If the motion is granted, the clerk shall forthwith file the amended pleading. Unless otherwise ordered, an amended pleading that does not add a new defendant shall be deemed to have been served for the purpose of determining the time for response under Fed. R. Civ. P. 15(a), on the date the court grants leave for its filing. A party granted leave to amend its pleading, when the amended pleading would add a new defendant, shall file and effect service of the amended pleading within thirty (30) days after the date of the Order granting leave for its filing.
>
> **(b) Highlighting of amendments.**
>
> The party filing the motion requesting leave to file an amended pleading shall provide: (1) the proposed amended pleading as set forth in subsection (a) of this rule, and (2) a copy of the original pleading in which stricken material has been lined through and any new material has been inserted and underlined or set forth in bold-faced type.

7

Local Rule 15.1 (emphasis added). Therefore, it remains incumbent upon Watkins to file an amended complaint that is complete in itself.

### III. Order

Since the instant motion to amend does not fully comply with Local Rule 15.1, by providing us with the complete text of proposed amended complaint, IT IS ORDERED as follows: The plaintiff's latest motion to amend, (Doc. 217), is CONDITIONALLY GRANTED and the plaintiff is directed to prepare a comprehensive proposed amended complaint and submit this proposed amended complaint on or before **July 1, 2025.** Upon the filing of this amended complaint, on or before **August 1, 2025** the defendants may move to dismiss any new matters that they deem subject to a motion under Rule 12

SO ORDERED, this 2d day of June 2025.

/s/ *Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge